■ Jack Notrica et al., Appellants, v North Hills Holding Company, LLC, Respondent. [815 NYS2d 167]—In an action, inter alia, in effect, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Covello, J.), dated September 23, 2004, as granted those branches of the defendant's motion which were for summary judgment dismissing the first cause of action and so much of the fifth cause of action as sought to recover interest in the sum of $32,591.35.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing so much of the plaintiffs' fifth cause of action as sought to recover interest in the sum of $32,591.35, and substituting therefor a provision denying in its entirety that branch of the defendant's motion which was for summary judgment dismissing the fifth cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it constructed the residence which is the subject of this dispute in accordance with the terms of the contract and the filed building plans. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment

dismissing the first cause of action (*see Trinity Petroleum Sys. v Wenger Contr. Co.*, 270 AD2d 251 [2000]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In response to the defendant's showing of its entitlement to summary judgment dismissing so much of the fifth cause of action as sought to recover interest in the sum of $32,591.35, the plaintiffs raised a triable issue of fact as to whether they were entitled to so recover (*see generally Alvarez v Prospect Hosp., supra* at 324). Accordingly, the Supreme Court should have denied in its entirety that branch of the defendant's motion which was for summary judgment dismissing the fifth cause of action.

The plaintiffs' remaining contentions are without merit. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.